MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

LINDA SAVOY,

    Plaintiff,

vs.

DIVERSIFIED CONSULTANTS,
INC., a foreign corporation

    Defendant.

No.

JURY DEMANDED

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

## COMPLAINT

### JURISDICTION

1.    The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction.  Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

### PRELIMINARY STATEMENT

2.    This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3.   In 2013, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.

4.   As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

PARTIES

5.   Plaintiff, Linda Savoy, is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.   Defendant, Diversified Consultants, Inc., is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Jacksonville, FL, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

FACTUAL ALLEGATIONS

7.   Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.   Plaintiff does not owe the debt underlying this action.

9.   Plaintiff is 71 years old and quite ill.

10.  Plaintiff's sole income is from social security.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

2

11.   The alleged debt underlying this action stems from Plaintiff's former account with T-Mobile.

12.   In March, 2013 Plaintiff was rushed to the Hospital.

13.   Plaintiff first attempted to use her T-Mobile service to contact *911*.

14.   The T-Mobile service serially failed.

15.   Fortunately, Plaintiff's nurse arrived and had Plaintiff moved to Hospital.

16.   As a result, Plaintiff terminated her service with T-Mobile.

17.   Defendant began to call Plaintiff during July, 2013.

18.   Defendant's representatives demanded Plaintiff pay in excess of $400.00.

19.   Plaintiff refused advising she had no money and that she had previously terminated her contract with T-Mobile for its failure to provide reasonable service when Plaintiff needed it most.

20.   Defendant's representatives continued to call despite Plaintiff's refusals and requests they cease and desist.

21.   Plaintiff previously requested Defendant send her its demand *in writing*.

22.   Defendant's collector *refused* and to date Plaintiff has received *nothing* in writing from Defendant in violation of FDCPA § 1692g(a).

23.   Plaintiff has lived at her present address for thirteen (13) years.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

24. Defendant's continued phone contacts to Plaintiff, at times and at a place known to be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1). <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), <u>Austin v. Great Lakes Collection Bureau, Inc.</u>, 834 F. Supp. 557, 559 (D. Conn. 1993).

25. The Defendant's repeated recalls to Plaintiff constituted harassment in violation of FDCPA §§ 1692d and 1692d(5). <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507, 1516 (9th Cir. 1994), <u>Bingham v. Collection Bureau, Inc.</u>, 505 F. Supp. 864, 873 (1981), <u>Kuhn v. Account Control Technology, Inc.</u>, 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

26. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

27. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

28. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

29. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

CAUSES OF ACTION

COUNT I

30.   The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e, 1692f and 1692g.

31.   Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

COUNT II

32.   The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); Pittman v. J. J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609, 613-14 (D. of Nev. 1997)*.

33.   Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.   Award actual damages.

2.   Award punitive damages.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

5

1    3.    Award statutory damages of $1,000 pursuant to 15 U.S.C.

2  § 1692k.

3    4.    Award reasonable attorney fees.

4    5.    Award costs.

5    6.    Grant such other and further relief as it deems just and

6  proper.

7                          Respectfully submitted,

8

9                          _____

10                         MITCHELL D. GLINER, ESQ.
                           Nevada Bar #003419
11                         3017 West Charleston Boulevard
                           Suite 95
12                         Las Vegas, NV  89102
                           Attorney for Plaintiff

13

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.  14
      Suite 95
Las Vegas, Nevada 89102
  (702) 870-8700   15

16

17

18

19

20

21

22

23

24

25

26

27

28