Shan Davis (SBN 9323)
**SHAN DAVIS & ASSOCIATES**
**DBA DAVIS|STIBOR**
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV  89101
Telephone: (702) 726-6885
Fax: (702) 933-1464
shandavis@cox.net

Steven R. Dunn
**Dunn Firm, P.C.**
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
Telephone: (214) 692-5533
Fax: (214) 692-5534
steven@dunnlawfirm.net
*pro hac vice application pending*

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

Linda Savoy,

                    Plaintiff,

vs.

DIVERSIFIED CONSULTANTS, INC., a
foreign corporation,

                    Defendant.

Case No.: 2:13-CV-01428-APG-VCF

**DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES**

       Diversified Consultants, Inc. ("Defendant") files its Answer and Affirmative Defenses as follows:

       1.      Defendant admits that jurisdiction and venue are proper in this Court as is alleged in paragraph 1 of Plaintiff's Complaint. To the extent that Plaintiff's common law cause of action is not preempted by the FDCPA, Defendant admits the Court has supplemental jurisdiction over a common law cause of action and that jurisdiction over this claim is proper in

this Court.  However, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof of same.  As such, Defendant denies the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits that Plaintiff instituted this action.   Otherwise, Defendant denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits that Plaintiff is a natural person allegedly residing in Las Vegas, Nevada.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 5 of Plaintiff's Complaint and accordingly denies same.

6.       Defendant admits that it is incorporate, that its principal place of business is in Jacksonville, Florida and that in general, it is engaged in the collection of lawful debts incurred by third parties.  Defendant further admits that in general, it is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).   Otherwise, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 is an incorporation paragraph.   As such, Defendant incorporates herein its prior answers as if set forth verbatim.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 8 of Plaintiff's Complaint and accordingly denies same.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 9 of Plaintiff's Complaint and accordingly denies same.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 10 of Plaintiff's Complaint and accordingly denies same.

11.     Defendant admits that an account from T-Mobile was assigned to Defendant. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 11 of Plaintiff's Complaint and accordingly denies same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 12 of Plaintiff's Complaint and accordingly denies same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 13 of Plaintiff's Complaint and accordingly denies same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph 14 of Plaintiff's Complaint and accordingly denies same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 15 of Plaintiff's Complaint and accordingly denies same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 16 of Plaintiff's Complaint and accordingly denies same.

17.     Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits that the amount of $406.38 was placed for collection with Defendant on Plaintiff's account and this amount was discussed with Plaintiff. Otherwise, Defendant denies the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits that Plaintiff stated she had no money.  Otherwise, Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that it called Plaintiff.  Otherwise, Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 23 of Plaintiff's Complaint and accordingly denies same.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies that Plaintiff is entitled to any relief requested in her prayer for relief other than should any of Plaintiff's claims not be disposed of through a motion to dismiss and/or summary judgment, Plaintiff may be entitled to a trial by jury for such issues.

35.     Any allegations of Plaintiff's Complaint not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Defendant has, at all times relevant hereto, complied fully with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by the bona fide error defense set forth in 15 U.S.C. § 1692k(c).

## THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that to the extent a jury or this Court may find any violation of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, any such alleged violations were not material and as such, Plaintiff cannot

recover under the Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties. In the alternative, Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff failed properly to mitigate her alleged actual damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SEVENTH AFFIRMATIVE DEFENSE

Pleading further, Defendant states that the amount of Plaintiff's lawful debt is and should be offset against the amount of actual and/or statutory damages, if any, awarded by the trier of fact.

## EIGHTH AFFIRMATIVE DEFENSE

Pleading further, Defendant states that Plaintiff's common law cause of action has been preempted by the FDCPA.

/ / /

/ / /

WHEREFORE, Defendant, Diversified Consultants, Inc., prays for relief as follows:

1.      Plaintiff recover nothing from her causes of action;

2.       That Defendant be awarded its reasonable attorney's fees and costs incurred in
defending this action;

3.      And for such other and further relief, at law or in equity, to which Defendant may
be duly entitled.


Dated: September 26, 2013.                    **SHAN DAVIS & ASSOCIATES**
                                             **DBA DAVIS|STIBOR**

                                             /s/ Shan Davis
                                             Shan Davis (SBN 9323)


                                             **DUNN LAW FIRM**

                                             /s/ Steven R. Dunn
                                             Steven R. Dunn
                                             *Pro Hac Vice Application Pending*

                                             *Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons:

Mitchell Gliner
3017 W. Charleston Blvd., Ste. 95
Las Vegas, Nevada 89102


/s/ Shan Davis
Shan Davis