Shan Davis (SBN 9323)
**SHAN DAVIS & ASSOCIATES**
**DBA DAVIS|STIBOR**
410 S. Rampart Blvd., Ste. 390
Las Vegas, NV  89101
Telephone: (702) 726-6885
Fax: (702) 933-1464
shandavis@cox.net

Steven R. Dunn
**Dunn Firm, P.C.**
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
Telephone: (214) 692-5533
Fax: (214) 692-5534
steven@dunnlawfirm.net
*pro hac vice application pending*

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Linda Savoy,<br><br>                    Plaintiff,<br><br>vs.<br><br>DIVERSIFIED CONSULTANTS, INC., a foreign corporation,<br><br>                    Defendant. | Case No.: 2:13-CV-01428-APG-VCF<br><br>**RESPONSE TO OPPOSITION TO VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE** |

Comes now, Steven R. Dunn ("Dunn"), an attorney licensed in Texas who is seeking to be admitted as attorney *pro hac vice* for Diversified Consultants, Inc. ("Defendant"), and files his Response to Opposition to Verified Petition for Permission to Practice in this Case as follows:

1

## BACKGROUND FACTS

On October 8, 2013, Dunn filed his Verified Petition to appear in this matter *pro hac vice* ("Petition"). (*See* Verified Petition, attached as Exhibit 1 to Plaintiff's Opposition). On or about October 10, 2013, Plaintiff filed her Opposition to Dunn's Petition. For the reasons stated below, this Honorable Court should deny Plaintiff's Opposition and grant Dunn's Verified Petition.

## LEGAL AGUMENT

"Attorneys admitted *pro hac vice* are held to the same professional responsibilities and ethical standards as regular counsel. Once admitted, *pro hac vice* counsel cannot be disqualified under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar." *Cole v. United States Dist. Court for the Dist. of Idaho,* 366 F.3d 813, 822 (9th Cir. 2004), *quoting United States v, Collins,* 920 F.2d 619, 626 (10th Cir. 1990). The federal courts apply state law in determining matters of attorney disqualification. *See, e.g., In re County of Los Angeles,* 223 F.3d 990, 995 (9th Cir. 2000)(citations omitted).

A motion to disqualify opposing counsel is subject to "particularly strict judicial scrutiny," due to the significant potential for misuse of state ethical rules for improper tactical purposes. *Optyl Eyewear Fashion International Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir. 1985), *quoting Rice v. Baron,* 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978). The decision whether or not to grant a motion for disqualification of counsel is within the district court's discretion. *See, e.g., Gas-A-Tron of Arizona v. Union Oil Co.,* 534 F.2d 1322, 1325 (9th Cir.1976).

The Supreme Court of Nevada has stated that "[C]ourts deciding attorney disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's

interest in the scrupulous administration of justice."  *Brown v. Eighth Judicial Dist. Court*, 14 P.3d 1266 (Nev. 2000)(citation omitted).

A motion to disqualify opposing counsel is given particularly strict scrutiny because there is a "significant possibility of abuse for tactical advantage." *Hacket v. Feeney*, 2010 WL 4102911 *3 (D. Nev. Oct. 2010)(*citing Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.,* 760 F.2d 1045, 1050 (9th Cir.1985).  District courts are required to use caution in order to prevent parties from misusing motions for disqualification as "instruments of harassment or delay." *Brown*, 14 P.3d at 1266.  "Courts therefore approach the issue of whether to disqualify opposing counsel as 'a drastic measure which courts should hesitate to impose except when absolutely necessary.'"  *Hacket v. Feeney*, 2010 WL 4102911 *3 (*citing United States v. Titan Pac. Const. Corp.,* 637 F.Supp. 1556, 1562 (W.D. Wash. 1986)).

Applying these rules to this case, there is no reason to deny Dunn's Petition.  In her Opposition, Plaintiff fails to provide this Court with citation to ***any*** legal authority that supports her Opposition (Local Rule 7-2(a) requires all Motions to be "supported by a Memorandum of Points and Authorities.").

*Anchondo* Matter

With respect to the magistrate judge's finding that Dunn did not disclose the existence of insurance in the *Anchondo* matter, Dunn disclosed the information that had been conveyed to him by his client (after he had obtained consent from the client to disclose this information).  (*See* Declaration of Steven Dunn (***"Dunn Decl."***), p. 4, ¶ 6, attached hereto as **Exhibit 1**.)  At all material times, Dunn recognized his duties under the Federal Rules of Civil Procedure, made repeated inquiries to the client about the existence of insurance and was told that insurance did not

exist.  Dunn duly conveyed the information he obtained to the plaintiff in the *Anchondo* case and the Court.

### *Branstetter* Matter

With regard to the *Branstetter* matter referred to by Plaintiff's counsel, counsel failed to disclose to the Court that: (1) a copy of the policy declaration sheet was provided to Plaintiff's counsel with the initial disclosures made by the defendant in that case, and (2) a motion to compel with regard to the insurance policy was not needed because as soon as the insurance policy was obtained by the client and sent to counsel, it was produced to Plaintiff's counsel and is not at issue. (**Dunn Decl.**, p. 4, ¶ 7.)

In the instant case, Defendant has an insurance policy and it will be produced to Plaintiff in accordance with the Federal Rules of Civil Procedure.  (*Id.* at ¶ 8.)

### Dunn's Practice and FDCPA Experience

Dunn has been a licensed attorney since 1984.  Attached to Dunn's Supporting Declaration is his *curriculum vitae*.   Since approximately 2004, Dunn has focused his practice on representing third-party debt collectors in cases involving the FDCPA, Telephone Consumer Protection Act and other related statutes.   Dunn has represented Diversified Consultants, Inc. ("Defendant") since approximately 2007 in numerous cases throughout the United States.  Dunn has also been admitted *pro hac vice* in the following United States District Courts:

1. Central District of California;
2. Southern District of California;
3. District of Oregon;
4. Western District of Washington;
5. Middle District of Florida;

6. Northern District of Georgia;

7. Northern District of Alabama;

8. Eastern Division of Virginia;

9. Northern District of New York;

10. Western District of New York;

11. District of Rhode Island;

12. Western District of Oklahoma;

13. Eastern District of Pennsylvania;

14. Northern District of Illinois;

15. District of Kansas;

16. Eastern District of Missouri;

17. Western District of Missouri;

18. Western District of North Carolina;

19. Eastern District of Arkansas.

20. Western District of Wisconsin

(***Dunn Decl.***, pp. 2-3, ¶ 3.)  In addition, Dunn has been involved as co-counsel in cases filed in the Middle District of Pennsylvania, the Eastern District of New York, the Southern and Eastern Districts of Texas, the Northern District of California, the District of West Virginia and the Eastern District of Tennessee.  The cases filed in each of the above referenced districts all involved alleged violations of the FDCPA and/or the TCPA.  *Pro hac vice* admission was granted in each of the cases and to date, Dunn has never been denied admission *pro hac vice* in any court.

Further, in his practice, Dunn has obtained favorable orders and judgments on behalf of his clients, which have had an impact on the debt collection industry and the manner in which cases involving the FDCPA and/or the TCPA are litigated.

In the case of *Burns/Kline v. Anderson, Crenshaw & Associates, L.L.C.*, Civil Action No. 07-CV-001192-WYD-BNB, filed in the District of Colorado, on August 15, 2008, a case alleging violation of the FDCPA, the Court granted Defendant's summary judgment motion. For the first time in the District of Colorado, a court imposed an intentional infliction of emotional distress standard to prove actual damages in FDCPA cases, held that Plaintiff failed to carry his burden, offset the amount of Plaintiff's lawful debt against any possible statutory violations of the FDCPA, and dismissed Plaintiff's case.

In the case of *Mitchell Vanglider v. Lazarus Financial Group, Inc.,* Civil Action No. 4:10-cv-527-RH/WCS, filed in the Northern District of Florida on April 7, 2011, the Court granted Defendant's summary judgment motion in that case in which class certification was sought. For the first time in the Eleventh Circuit, a court applied the materiality standard for alleged violations of the FDCPA and dismissed Plaintiff's case.

In the case of *Dean Hinderliter, et al v. Diversified Consultants, Inc*., Civil Action No. 6:12-cv-1314, filed in the Northern District of New York on September 7, 2012, the court granted Defendant's motion for summary judgment and held as a matter of law that the client's telephone calls to the debtors did not violate the FDCPA.

In the case of *Johnny O'Connor v. Diversified Consultants, Inc.,* Civil Action No. 4:11-cv-1722-RWS, filed in the Eastern District of Missouri on May 28, 2013, the Court denied the plaintiff's motion to class certification holding that plaintiff could not prosecute a nationwide class. Subsequent thereto, that court held as a matter of law, that express consent given to the

underlying client also applied to a third party debt collector and dismissed the plaintiff's TCPA claims.

The issues in the above-referenced cases are similar to some of those issues involved in the case at bar, and Dunn has a proven track record and history of the highest quality work resulting in favorable judgments for his clients.

<u>Philanthropic and Charitable Organizations</u>

In addition to the high quality of work performed for his clients, which has had a positive impact on the debt collection industry as a whole, Dunn has contributed many volunteer hours and financially supports several charitable causes.

In the 1980s and 1990s, Dunn was involved in fund raising activities for the Juvenile Diabetes Foundation of America and Easter Seals.  With regard to the latter, he assisted a speech pathologist who worked with children with speech impediments.  He also contributed time and volunteer work to the Callier Center for Communication Disorders at the University of Texas Southwestern Medical Center complex.

More recently, Dunn has been actively involved in fund raising and voluntarism for the Cystic Fibrosis Foundation of Northeast Texas.  In addition, Dunn has financially contributed and volunteered many hours to the National Eating Disorder Association ("NEDA") has assisted in raising funds and awareness of eating disorders by assisting with local walks to raise awareness and is petitioning to be a speaker at the 2014 National Convention for NEDA.

## CONCLUSION

Dunn has almost thirty (30) years of legal experience, has approximately ten (10) years of experience in the subject matter of the instant case, has represented third party debt collectors in federal courts throughout the United States, has a proven track history of success, has never been denied an application for admission *pro hac vice*, and has proven to be a strong advocate for his clients.  For these reasons, this Court should exercise its discretion and grant Dunn's Petition.


Dated: October 21, 2013.          SHAN DAVIS & ASSOCIATES
                                  DBA DAVIS|STIBOR

                                  /s/ Shan Davis
                                  Shan Davis (SBN 9323)


                                  DUNN LAW FIRM

                                  /s/ Steven R. Dunn
                                  Steven R. Dunn
                                  *Pro Hac Vice Application Pending*

                                  *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons:

Mitchell Gliner
3017 W. Charleston Blvd., Ste. 95
Las Vegas, Nevada 89102
mgliner@glinerlaw.com


                                                    /s/ Shan Davis
                                                    Shan Davis